UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Isabel Stevens,

      Plaintiff

v.                                                    Civil Action No.  1:11-cv-00218-PB

Liberty Mutual Group Inc.,

      Defendant

**DEFENDANT'S OBJECTION TO PLAINTIFF'S SECOND MOTION FOR
LEAVE TO AMEND COMPLAINT**

NOW COMES Defendant LIBERTY MUTUAL GROUP INC, by its attorneys, JACKSON LEWIS LLP, and hereby respectfully submits this Objection to Plaintiff's Second Motion for Leave to Amend Complaint, and in support thereof states the following:

## I.      INTRODUCTION

Plaintiff's Second Motion for Leave to Amend Complaint ("Motion") should be denied based upon her failure to comply with Local Rule 15.1(iii), undue delay, and prejudice to Defendant, as Plaintiff provides no reason for her failure to bring the Family Medical Leave Act ("FMLA") claim in the original Complaint or the First Amended Complaint filed on August 5, 2011.  Furthermore, Plaintiff did not raise the retaliation claim under 354-A at the New Hampshire Commission for Human Rights as required.

On March 29, 2011, Plaintiff filed a Complaint in Strafford County Superior Court alleging claims of age discrimination in violation of RSA 354-A:1 (Count I), constructive discharge (Count II), wrongful termination (Count III), fraud (Count IV), undue influence (Count V), fraudulent misrepresentation (Count VI), negligent

misrepresentation (Count VII) and enhanced compensatory damages (Count VIII) for actions that allegedly occurred during Plaintiff's employment.  The matter was removed to this Court on May 5, 2011 based upon diversity of citizenship.

On June 8, 2011, Defendant filed its Answer and also filed a Rule 12(c) Motion (Motion for Judgment on the Pleadings) contending that this Court should dismiss Plaintiff's Complaint because Plaintiff released all of the claims set forth in her Complaint when she willingly and voluntarily executed the Severance Agreement and General Release ("Agreement" or "Release") with Defendant on April 9, 2010.  (Docs. #5-6.)  By signing this Agreement, Plaintiff released Defendant with respect to all matters related to her employment, including any claims brought under RSA 354-A, as well as all tort claims and claims under common law.

On June 22, 2011 Plaintiff filed a Motion to Amend Complaint.  The amended Complaint added a claim for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and clarified her age discrimination claim pursuant to RSA 354-A:1.  On August 4, 2011 this Court granted Plaintiff's First Motion to Amend Complaint.

Plaintiff now seeks to amend her Complaint for a second time, raising no new factual allegations but adding legal theories to her multitude of baseless claims she has already alleged.  Plaintiff admits no new facts have been revealed and provides no reason as to why the claims under the FMLA and for retaliation were not plead previously, in either the Complaint or the First Amended Complaint.  Accordingly, Plaintiff's Motion should be denied.

II.   **ARGUMENT**

   A.   **The Relevant Legal Standard**

Although leave to amend is often "freely given," it is not automatic.  The Supreme Court has identified several factors that should influence a court to deny leave to amend.  These factors include undue delay and undue prejudice to the opposing party by virtue of allowance of the amendment.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Even under the generous standard of Fed. R. Civ. P. 15(a), amendments to assert new legal theories are denied "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  <u>Acri v. Int'l Ass'n of Machinists & Aerospace Workers</u>, 781 F.2d 1393, 1398 (9th Cir. 1986).  Where a considerable period of time has passed between the filing of a complaint and the motion to amend, courts have placed the burden of proof on the movant to show some "valid reason for his neglect and delay."  <u>Carter v. Supermarkets Gen. Corp.</u>, 684 F.2d 187, 192 (1st Cir. 1982) (citation omitted); <u>see</u> <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990) ("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay."); <u>Acosta-Mestre v. Hilton Int'l</u>, 156 F.3d 49, 52 (1st Cir. 1998) (same).

   B.   **Plaintiff Should Not Be Allowed to Amend her Complaint to Add a Claim for Retaliation Pursuant to RSA 354-A As She Did Not Raise the Claim at the New Hampshire Commission for Human Rights**

Plaintiff resigned her employment with the Defendant on April 7, 2010 and signed a Severance Agreement and General Release.  On September 9, 2010, after receiving the severance payments pursuant to the Severance Agreement and General Release, Plaintiff filed a Charge with the New Hampshire Commission for Human Rights

alleging discrimination based on her age.  Plaintiff did not mark the box for retaliation on the Charge and did not state or otherwise mention any allegations of retaliation.  Plaintiff did not amend her Charge at any time nor has she raised a claim of retaliation pursuant to RSA 354-A prior to the Second Amended Complaint filed on December 15, 2011.

RSA 354-A:21(III) states "[a]ny complaint filed pursuant to this section by an aggrieved person must be filed within 180 days after the alleged act of discrimination." Id.  (*See also* N.H. Admin. Rules, Hum 202.04).  Therefore, the latest date the Plaintiff had to raise her claim of retaliation against the Defendant was September 3, 2010, over fifteen (15) months ago.  *See* Steir v. Girl Scouts of U.S.A., 150 N.H. 212, 214 (2003) (stating that to qualify for relief under RSA 354-A "the aggrieved person must file with the NHCHR a verified complaint within 180 days after the alleged act of discrimination.").

The Plaintiff has waited for well over a year past the statute of limitations to bring a retaliation claim and has raised no new factual allegations that would explain the delay. Based on the Plaintiff's failure to raise the claim in her Charge filed at the Commission for Human Rights within the statute of limitations as stated in RSA 354-A:21(III) her Motion to Amend Complaint to bring a claim of retaliation pursuant to RSA 354-A should be denied.

## C.   Plaintiff Should Not Be Allowed to Amend her Complaint Because the Facts Regarding Complainant's Additional Allegations Were Known to Plaintiff At the Time She Filed the Original Complaint and She Has Provided No Explanation As To Why These Claims Were Not Included in the Original Complaint.

Plaintiff admits that the facts supporting Plaintiff's claim under the FMLA and the retaliation claim under RSA 354-A were known to Plaintiff at the time she filed the

original Complaint and the First Amended Complaint, yet Plaintiff has provided no reason for her delay in raising these claims and allegations or why she did not incorporate these allegations into the Original Complaint or the First Amended Complaint.

Plaintiff does not point to a single fact that she has learned since the filing of the Original Complaint or the First Amended Complaint that justifies her delay in adding either the FMLA claim or the retaliation claim under RSA 354-A. In fact, Plaintiff readily admits that the additional allegations are consistent with her previously filed claims. (Plaintiff's Motion, ¶¶ 11, 12; Memo of Law, p. 10).

Plaintiff's FMLA claim is simply a new legal theory based on the same facts, and Plaintiff provides no reason whatsoever that it could not have been included in the Original Complaint or the First Amended Complaint. Where a plaintiff seeks to add claims which could have been brought at the time of the original complaint, it is appropriate to deny leave to amend. Mogel v. UNUM Life Ins. Co. of Am., 677 F. Supp. 2d 362, 365 (D. Mass. 2009) (citing Foman, 371 U.S. at 182) (amendments to assert new legal theories are denied "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Generally speaking, "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Messier v. Southbury Training Sch., No. 3:94-CV-1706 (EBB), 1999 U.S. Dist. LEXIS 6992, at *8 (D. Conn. Jan. 5, 1999). See also Phaneuf v. Tenneco, 938 F. Supp. 112, 116 (N.D.N.Y. 1996) (the court denied motion for leave to amend where "nothing new has come to light in between the time that the original complaint was filed and the time the motion to amend was made."); Arrington v. Dickerson, 915 F. Supp.

1516, 1521 (M.D. Ala. 1996) (leave to amend denied where plaintiff had "more than ample opportunity to amend his complaint . . . and offered no reason for his delay"). Because Plaintiff has proffered no reason for her delay in adding her FMLA claim or retaliation claim pursuant to RSA 354-A, leave to amend should be denied.

In addition, Plaintiff has provided no explanation as to why these claims were not included in the Original Complaint or the First Amended Complaint, as required by Local Rule 15.1(iii). Accordingly, Plaintiff's Second Motion for Leave to Amend Complaint should be denied, or alternatively, Plaintiff should pay for Defendant's costs in having to answer the amended Complaint if this Court should grant Plaintiff's Motion.

## III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Second Motion for Leave to Amend Complaint should be DENIED.

WHEREFORE, the Defendant, Liberty Mutual Group Inc. respectfully asks that this Court:

A.     Deny Plaintiff's Second Motion for Leave to Amend Complaint;

B.     Award Defendant its costs and attorneys' fees; and

B.     Grant Defendant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,
LIBERTY MUTUAL GROUP INC.,
By its attorneys,
JACKSON LEWIS LLP,

Date:  January 3, 2012           By:     /s/K. Joshua Scott_____
                                 K. Joshua Scott (NHBA#17479)
                                 100 International Drive, Suite 363
                                 Portsmouth, NH 03801
                                 603.559.2700
                                 joshua.scott@jacksonlewis.com

<u>Certificate of Service</u>

I hereby certify that the foregoing was served via Electronic Filing on: John E. Lyons, Jr. Esq., Lyons Law Offices, P.A., One New Hampshire Avenue, Suite 235, Portsmouth, NH 03801, counsel for Plaintiff.


Date:   January 3, 2012                          /s/K. Joshua Scott
                                                 K. Joshua Scott



4815-8661-2750, v.  2