UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Isabel Stevens

   v.                                         Civil No. 11-cv-218-PB

Liberty Mutual Group, Inc.


**O R D E R**

Before the court is Isabel Stevens' motion for leave to amend her amended complaint.  Liberty Mutual Group, Inc. ("Liberty Mutual") objects.  For the reasons that follow, Stevens' motion to amend is granted.

This case was originally filed in the New Hampshire Superior Court, and was removed on May 5, 2011.  On June 22, Stevens moved to amend her complaint.  That same day, Liberty Mutual filed a proposed discovery plan.  Two days later, that plan was approved, and, with minor modifications, was adopted as a pretrial scheduling order.  That scheduling order included the following deadlines: (1) amendment of pleadings by the plaintiff, due by December 15, 2011; (2) motions for summary judgment, due by October 4, 2010; and (3) close of discovery, on January 1, 2013.  On August 4, 2011, the court granted Stevens' motion to amend.

Stevens' amended complaint asserts nine claims, under federal and state law, arising out of the circumstances under which she left her employment with Liberty Mutual.  Count II is a claim that Liberty Mutual discriminated against Stevens, in violation of New Hampshire's Law Against Discrimination ("LDA"), N.H. Rev. Stat. Ann ("RSA") chapter 354-A.

On December 15, Stevens moved to amend her amended complaint by adding two new claims.  She seeks to assert a claim under the federal Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 (Count X) and a retaliation claim under the LDA (Count XII).  Defendant objects, arguing that: (1) Stevens did not raise her LDA retaliation claim with the New Hampshire Commission for Human Rights ("NHCHR"); and (2) the facts on which her two new claims are based were known to her when she filed her amended complaint, and she has not explained why she did not include those claims in that pleading.

Under the circumstances of this case, Stevens may amend her amended complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id. That is,

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

>    of the amendment, futility of amendment, etc. - the
>    leave sought should, as the rules require, be "freely
>    given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Here, Liberty Mutual points out that Stevens has not explained why she did not include her new claims in her amended complaint.  Beyond that, it identifies several decisions that stand for the proposition that a court may deny a motion to amend a complaint to assert a new theory when the factual basis for the new claim was known the plaintiff at the inception of the action.  However, while Liberty Mutual mentions undue delay and undue prejudice in its objection, it does not actually argue that any of the factors identified in <u>Foman</u> is present here. The court can discern no bad faith or dilatory motive on Stevens' part.  Given Stevens' adherence to the scheduling order, the court can discern no undue delay or prejudice to Liberty Mutual.  Liberty Mutual does make passing reference to requirements for filing claims with the NHCHR under RSA 345-A:21, III, which suggests a possible futility argument, but Liberty Mutual makes no such argument.

Because Liberty Mutual has not shown how it might be unfairly prejudiced by the proposed amendment, Stevens' motion to amend her amended complaint, document no. 16, is granted. Liberty Mutual's request for costs, contained within its objection, is denied.  See <u>Cathedral Art Metal Co. v. Giftco,</u>

Inc., No. 06-465S, 2010 WL 936219, *2 n.1 (D.R.I. Mar. 12, 2010) (internal quotation marks and citations omitted) (costs generally awarded where leave to amend is granted only when defendant has been compelled to file multiple motions to dismiss).

    SO ORDERED.

                                      _____
                                      Landya McCafferty
                                      United States Magistrate Judge

January 20, 2012

cc:   John E. Lyons, Jr., Esq.
      Nancy Ellen Oliver, Esq.
      K. Joshua Scott, Esq.